JUDGE PETERS
delivered the opinion op the court.
Whether or not tbe order of arrest was properly sustained is tbe only question presented by this appeal.
Section 179, Civil Code, provides tbat a defendant in a civil action can be arrested and beld to bail only upon tbe conditions and in tbe manner prescribed in chapter 1, title 8, Civil Code.
Section 180 (ibid.) provides tbat an order for tbe arrest of tbe defendant shall be made by tbe clerk of tbe court in which tbe action is brought at its commencement, or at any time before judgment, when there is filed in bis office an affidavit of tbe plaintiff stating tbe facts therein set forth.
*515 The affidavit therefore is made an indispensable prerequisite for the order of arrest; without it the clerk has no authority to make such order; and as in this case the record does not show that the affidavit was made, the arrest and taking the bail bond from the defendant in the action were unauthorized.
This is not a clerical misprision, as contended for by counsel for appellee, but is an error appearing on the face of the record, for which this court should reverse the judgment sustaining the order of arrest. If the proper affidavit had been, in fact, made before the order of arrest was made, the failure of the record to show the necessary fact should have been corrected in the court below.
"Wherefore the judgment is reversed, and the cause is remanded, with directions to discharge the order of arrest, and for further proceedings consistent herewith.